FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 AUG 26 AM 9: 25

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 8:04-CV-356 |
| ) | |
| v. ) | |
| ) | |
| DRAVO CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## CONSENT DECREE

### I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Secretary of the United States Department of Defense and the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended, seeking injunctive relief and reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Hastings Naval Ammunition Depot Subsite of the Hastings Ground Water Contamination Site, located outside Hastings, Nebraska.

B. The defendant entering into this Consent Decree does not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint. The United

CONSENT DECREE                    Page -1-

States does not admit any liability arising out of the transactions or occurrences alleged in any counterclaim asserted by the defendant.

C. The United States and Dravo Corporation agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon the Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in

this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "U.S. Army Corps of Engineers" shall mean the United States Army Corps of Engineers and any successor departments, agencies or instrumentalities of the United States.

b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

c. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

d. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and the Settling Defendant.

k. "Plaintiff" shall mean the United States.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m. "Settling Defendant" shall mean Dravo Corporation.

n. "Site" shall mean the Hastings Naval Ammunition Depot Subsite of the Hastings Ground Water Contamination Site, located in Adams County, outside Hastings, Nebraska. The Subsite includes soil and groundwater contamination in areas around the 48,000-acre depot, including at the Hastings East Industrial Park, located on the western portion of the site, near Hastings.

o. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment, which includes a premium, to address its liability for the Site as provided in the Covenant Not to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI. PAYMENT OF RESPONSE COSTS

5. Within 45 days of entry of this Consent Decree, Settling Defendant shall pay to the United States, in the manner specified herein, one million one hundred sixty-one thousand

CONSENT DECREE                    Page -4-

dollars ($1,161,000.00).

6. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2004V339, the EPA Region and Site Spill ID Number 07S2, and DOJ Case Number 90-11-2-1260/2. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Nebraska following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

7. At the time of payment, Settling Defendant shall send notice that payment has been made to the U.S. Army Corps of Engineers, EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to:

>Anne Schmitt-Shoemaker
>U.S. Army Corps of Engineers
>Finance Center
>5722 Integrity Drive
>Millington, TN 38054
>
>Chaun Jackson
>U.S. EPA Regional Financial Manager
>U.S. EPA, Region VII
>901 N. 5th Street
>Kansas City, Kansas 66101

## VII. **FAILURE TO COMPLY WITH CONSENT DECREE**

9. <u>Interest on Late Payments</u>. If the Settling Defendant fails to make any payment under Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

10. Stipulated Penalty.

a. If any amounts due under Paragraph 5 are not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the interest required by Paragraph 9, $5,000.00 per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to the United States under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number 07S2, and DOJ Case Number 90-11-2-1260/2, and shall be sent to:

> U.S. Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Center
> P.O. Box 979077
> St. Louis, MO 63197-9000

c. At the time of any payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to:

> Anne Schmitt-Shoemaker
> U.S. Army Corps of Engineers
> Finance Center
> 5722 Integrity Drive
> Millington, TN 38054

and

Chaun Jackson
U.S. EPA Regional Financial Manager
U.S. EPA, Region VII
901 N. 5th Street
Kansas City, Kansas 66101

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

14. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI of this Consent Decree.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

15. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a),

with regard to the Site. With respect to present and future liability, this covenant not to sue shall take effect upon receipt by the United States of all payments required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

### IX. RESERVATION OF RIGHTS BY UNITED STATES

16. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 15. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

   a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

   b. criminal liability;

   c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

   d. liability, based upon Settling Defendant's ownership or operation of the Site, or upon Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant;

   e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## X. COVENANT NOT TO SUE BY SETTLING DEFENDANT

17. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 23, these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 16 (c) - (e), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

18. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19. Settling Defendant agrees not to assert any CERCLA claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any other

person.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20. Except as provided in Paragraph 19, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 19, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

21. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendants coming within the scope of such reservations.

22. The Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify the U.S. Army Corps of

Engineers, EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. The Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify the U.S. Army Corps of Engineers, EPA and DOJ in writing within 20 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify the U.S. Army Corps of Engineers, EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XII. RETENTION OF RECORDS

24. The Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to

Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of the Solid Waste Disposal Act, 42 U.S.C. § 6927.

## XIII. NOTICES AND SUBMISSIONS

25. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, U.S. Army Corps of Engineers, EPA, DOJ, and Settling Defendant, respectively.

As to the United States:

   As to DOJ:

   Bruce S. Gelber
   Chief, Environmental Enforcement Section
   Environment and Natural Resources Division
   U.S. Department of Justice (DJ #90-11-2-1260/2)
   P.O. Box 7611
   Washington, D.C. 20044-7611

   As to the U.S. Army Corps of Engineers:

   Catherine R. Sanders
   Assistant District Counsel
   U.S. Army Corps of Engineers
   601 E. 12th Street
   Kansas City, MO 64106-2896

As to EPA:

Alyse Stoy
Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA, Region VII
901 N. 5th Street
Kansas City, KS 66101

As to Dravo:

Thomas Buck, President
Dravo Corporation
11 Stanwix Street, 11th Floor
Pittsburgh, PA 15222

Kevin Whyte, General Counsel
Carmeuse Lime, Inc.
11 Stanwix Street, 11th Floor
Pittsburgh, PA 15222

and

Lawrence A. Demase, Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

## XIV. **RETENTION OF JURISDICTION**

26. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV. **INTEGRATION**

27. This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

29. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

30. The undersigned representative of the Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

31. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

32. The Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. The Settling Defendant hereby agrees to accept service in that manner and to waive the formal service

requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVIII. FINAL JUDGMENT

33. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 26 DAY OF ~~JUNE~~ 2008.
August

_____
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Dravo Corporation, Civil Action No. 8:04-CV-356, relating to the Hastings Naval Ammunition Depot Subsite of the Hastings Ground Water Contamination Site.

FOR THE UNITED STATES OF AMERICA

        JOE W. STECHER
        United States Attorney
        District of Nebraska

By: _____
        LAURIE A. KELLY, MA Bar # 557575
        Assistant United States Attorney
        District of Nebraska
        1620 Dodge Street, Suite 1400
        Omaha, NE 68102-1506
        Telephone: (402) 661-3700
        Facsimile: (402) 661-3081
        e-mail: laurie.kelly@usdoj.gov

        _____
        DAVID F. ASKMAN
        Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        1961 Stout Street, 8th Floor
        Denver, CO 80294

        _____
        CECILIA TAPIA, Director
        Superfund Division
        ALYSE STOY
        Assistant Regional Counsel
        Office of Regional Counsel
        U.S. EPA, Region VII
        901 N. 5th Street
        Kansas City, KS 66101

FOR DEFENDANT DRAVO CORPORATION

Date: 2/15/08

Kevin Whyte, General Counsel
Carmeuse Lime, Inc.
11 Stanwix Street, 11th Floor
Pittsburgh, PA 15222

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Kevin Whyte, General Counsel
Carmeuse Lime, Inc.
11 Stanwix Street, 11th Floor
Pittsburgh, PA 15222